**INLAND OIL AND TRANSPORT COMPANY**

v.

**ARK–WHITE TOWING COMPANY, et al.**

Civ. A. No. 79–3267.

United States District Court, E. D. Louisiana.

July 7, 1981.

Scott R. Wheaton, Jr., New Orleans, La., for plaintiff.

Ronald A. Johnson, New Orleans, La., for defendants.

**SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

BEER, District Judge.

Findings of Fact and Conclusions of Law as to the issue of fault in this collision case were handed down on May 18, 1981, 514 F.Supp. 500. Ark-White Towing Company was found to be 75% at fault, and Inland Oil and Transport Company 25% at fault.

The parties stipulated the amount of damages sustained by Inland with respect to repairs, survey expenses and gas freeing; however, the issue as to damages, if any, regarding loss of use of the Barges IOT–155 and IOT–302, remains unresolved and cannot be settled between the parties. Accordingly, this supplemental finding is necessary.

### Findings of Fact

1. In accordance with a contract between Inland Oil and Transport Company

and Chevron, U.S.A., Inc., towing orders were issued on October 9, 1978, designating the five barge tow of the M/V Lady Kimberly to transport approximately 100,000 barrels of product from Baton Rouge, Louisiana, to Louisville, Kentucky. As a result of the collision on October 14, 1978, the IOT–155 and the IOT–302 were unable to make the trip. The plaintiff located one replacement barge, the IOT–161, and substituted that barge into the tow.

2. The IOT–155 and the IOT–302 had a respective tonnage capacity of 3,599 and 2,471, whereas the IOT–161 had a tonnage capacity of 2,081. After the substitution of the IOT–161 into the tow, the total amount of lost tonnage as a result of the collision was 3,989 tons, which, under the contract terms and rate, led to a lost revenue of $26,516.08. The costs saved by Inland Oil and Transport Company were minimal since there were no savings as to personnel, overhead or insurance by using one less barge in the tow.

3. The trip from Baton Rouge, Louisiana, to Louisville, Kentucky, was completed on October 28, 1978; however, the Barges IOT–155 and IOT–302 were not repaired until November 1 and November 6, respectively. The Assistant Treasurer of Inland Oil, Don Watkins, testified that using the Chevron contract rate and the average daily revenue earned for each barge under that contract, Inland Oil would lose $3,881.00 for the five days the IOT–155 was out of service and $12,634.98 for the ten days the IOT–302 was out of service.

4. Accordingly, I calculate that the total amount of damages incurred by Inland Oil and Transport Company for these aspects of their claim is $40,000. 75% of that is $30,000.

### Conclusions of Law

1. In making an award for damages sustained by a barge as a result of a collision, the court's considerations include the lost profits or earnings while repairs are being made. *The Conqueror*, 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937 (1897); *Delta Marine Drilling Co. v. M/V Baroid Ranger*, 454 F.2d 128 (C.A. 5th Cir., 1972).

2. Damages for the loss of profits or use of a vessel pending repairs "will only be allowed when profits have actually been, or may be reasonably supposed to have been, lost, and the amount of such profits is proven with reasonable certainty." *The Conqueror*, 166 U.S. at 125, 17 S.Ct. at 516. However, since anticipated earnings cannot always be definitely proven, it is sufficient that they be proven circumstantially and with a reasonable degree of certainty. *Aktieselskapet Bonheur v. San Francisco & Portland Steamship Co.*, 287 F. 679 (C.A. 9th Cir., 1923).

3. In a situation where one less barge is used in a tow as a result of a collision, causing less capacity and less revenue than called for in the towage contract, the lost revenue is fully recoverable against the vessel at fault in the collision. *Marine Barge Line v. The Robert Eymard*, Civil Action No. 78–452, Sec. "I" (E.D.La., 1980). The terms of the contract are a proper guide for measuring that lost revenue. *Delta Marine Drilling Co. v. M/V Baroid Ranger*, supra.

Counsel for plaintiff is instructed to prepare a judgment consistent with these findings and conclusions.